**Deborah YARBER–BUTLER, Appellant,**

v.

**James H. BILLINGTON, Librarian of Congress, Appellee.**

**No. 01–5272.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 13, 2002.

Before RANDOLPH and GARLAND, Circuit Judges, and STEPHEN F. WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

ORDERED AND ADJUDGED that the judgment of the district court be affirmed. Yarber–Butler claims that as a member of the Library of Congress police force she experienced retaliation, in violation of 42 U.S.C. § 2000e–3(a), for filing equal employment opportunity complaints alleging sex discrimination. She claims that she was qualified for a sergeant position but not promoted to it because she filed the complaints.

To establish a prima facie case of retaliation, "the plaintiff must establish that he engaged in activity protected by Title VII, that the employer took an adverse employment action against him, and that the adverse action was causally related to the exercise of his rights." *Cones v. Shalala,* 199 F.3d 512, 521 (D.C.Cir.2000). Failure to promote is generally an adverse action, *Stella v. Mineta,* 284 F.3d 135, 146 (D.C.Cir.2002), but not if there is no open position. In other words, if there is no "'vacancy in the job sought,'" the plaintiff cannot establish a prima facie case. *Cones,* 199 F.3d at 516 (quoting *Int'l Bhd. of Teamsters v. United States,* 431 U.S. 324, 358 n. 44, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977)).

Yarber–Butler argues that the Library had an available sergeant position because it kept one of its twelve sergeants, who had been injured on the job, on leave without pay for three years instead of firing the person. She says that this violated the Library's leave-without-pay policy, which limits most initial authorizations of leave-without-pay status to 52 weeks. But the policy also permits extensions for various reasons, including "recovering from illness or disability not of a perma-

nent or disqualifying nature, when continued employment or immediate return to employment would threaten impairment of the staff member's health." Yarber–Butler has not raised a genuine issue that this reason for extension did not exist, and thus that the Library misapplied the policy or that there was a vacant position. The district court's grant of summary judgment on the basis of no vacancy was therefore correct.

Yarber–Butler has also failed to raise a genuine issue about the causation element of the prima facie case. The decision to extend the injured sergeant's leave was made by the Library's Health Services Office, an entity completely independent of the alleged discriminator, the captain of the police force. Yarber–Butler therefore has not raised a genuine issue whether her complaints caused the extended leave.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.